## THOMAS v. PLATTS.

Where a judgment creditor makes a valid levy of his execution on land, in which the debtor has an estate for his own life, and the debtor's interest in the land and its income are set off to such creditor at a yearly value, " to continue" for a term of years, "should the debtor so long live," in full satisfaction of the execution, &c., the judgment debt is satisfied by such levy, although the debtor die before the expiration of such term of years.

DEBT ON BOND.   The plea was as follows :

" And the said defendants come and defend, &c., when, &c., and pray oyer of the writing obligatory, and also of the conditions of the said writing obligatory : which are read to them in the words following : namely,

Know all men by these presents, that we, Joseph Esty of Hinsdale, and Warren R. Platts of Chesterfield, both in the county of Cheshire, as principals, and George F. Esty of Hinsdale, aforesaid, as surety, are holden and stand firmly bound unto Arnold Thomas of Hinsdale aforesaid, in the sum of two hundred dollars, to the payment whereof well and truly by the said Esty and Platts, they severally and jointly bind themselves and their heirs firmly by these presents.   Sealed with our seals and dated this twenty-third day of April, 1859.   The condition of this obligation is such, that if the said Esty and Platts, or either of them, shall save harmless, and indemnify the said Thomas against all such costs as are occasioned by the appearance of said Esty and Platts to defend the suit of said Thomas against one Clarissa Brockway, now pending in the court

of common pleas in the county of Cheshire, and against all such damage as is or shall be occasioned by them by the delay in said suit, then this obligation shall be void :—

Which being read and heard, the said defendants say, that the said plaintiff, his action aforesaid against them ought not to have and maintain; because they say that they, from the time of the making of the writing obligatory aforesaid hitherto, have well and faithfully observed, performed, and fulfilled all and every thing in the condition aforesaid mentioned on their part or on the part of either, or any of them, to be performed, observed, and fulfilled according to the form and effect of the said condition; and this they are ready to verify : Wherefore they pray judgment, if the plaintiff his action aforesaid against them ought to have and maintain, and for their costs."

To this plea the plaintiff made the following replication :

"And the plaintiff says, that by reason of any thing by said defendants, in their said plea alleged, he ought not to be barred from having and maintaining his action aforesaid thereof against them ; because he says that heretofore, namely, on the nineteenth day of November, 1858, the said Clarissa being indebted to him in a large sum, namely, in the sum of $200, he sued out of said court of common pleas his said writ thereon, being a writ of attachment, and caused all the right, title, interest and demand of the said Clarissa in and to the following real estate, situated in Chesterfield, in said county, to be attached thereon according to law, being the same known as the "Martin Johnson" farm, containing eighty acres, more or less, bounded north by the highway and land of John Butler, east by land of John B. Fiske, southerly by land of Comfort Crowningshield and J. P. Hubbard, and west by land of the said Hubbard, with the buildings thereon, for security for the judgment which he might recover in said suit against said Clarissa; and afterward on the same day caused a summons in the form prescribed by law, to be duly served upon her; and the plaintiff avers that the only property he caused to be attached in said suit, belonging to said Clarissa, was said real estate and her interest therein ; and that her only right, title, interest and claim in and to the same, was a life estate, by which she was entitled to the use and income thereof, during her natural life; and at the next term, being the March term of said court, 1859, he caused his said suit to be duly entered ; and the said Clarissa did not, by herself or by her attorney, enter her appearance to said suit at that term, or afterward, but neglected so to do; whereby the plaintiff was, at that term, entitled to a judgment against her, as by default, for his damages and cost of suit, and immediately after the expiration of twenty-four hours, to his writ of execution therefor, which he was desirous of obtaining, and ought to have had, for the purpose of levying the same upon the said Clarissa's said right and interest in said real estate, in satisfaction thereof; but the said Joseph and Wareham, pretending to have some interest in said life estate, at the March term aforesaid, namely, on the sixth day of April aforesaid, applied to said court for leave to appear and defend said suit, and obtained leave so to do

upon filing a bond in twenty days to the satisfaction of the clerk thereof, in the penal sum of $200, with condition to indemnify the plaintiff against such costs as might be occasioned by such appearance, and such damages as should thereby be occasioned by the delay of said suit. And the said Joseph and Wareham afterward, namely, on the twenty-fifth of said April accordingly, filed in said court the bond mentioned in the defendants' plea, approved by the clerk, to secure him the costs and damages aforesaid; and the said Joseph and Wareham, by reason of their appearance as aforesaid, caused said suit to be delayed in said court for a long time, and prevented the plaintiff from obtaining judgment therein, namely, from the sixth day of April aforesaid, to the third day of November, 1860, when the plaintiff obtained judgment in said suit against said Clarissa in the Supreme Judicial Court for said county, at the October term thereof, for the sum of $165, damages or debt, and $57.96, costs of suit, as, by the record thereof remaining in said court, appears; and thereafterward, on the sixteenth day of the same month, he obtained from said court his writ of execution against said Clarissa therefor; and on the thirtieth day of the same month, caused his levy thereof upon the said rights and interests of the said Clarissa in said real estate to be legally commenced, and on the eighth day of January then next such levy was duly completed, and such rights and. interests and the use and income of said real estate was, by due process of law, set off to the plaintiff, on said execution at the yearly value of $45, to continue from the day last mentioned until the first day of January, 1867, should the said Clarissa so long live, in full satisfaction of said execution and of the fees and charges of levying the same; and seizin and possession thereof was then and there given to the plaintiff according to law; and at the time, or after the plaintiff obtained his said judgment, the said Clarissa had no other goods or estate upon which the plaintiff could levy his said execution; and afterward, namely, on the fourteenth day of February, 1861, the said Clarissa died, and her life estate aforesaid terminated, and the plaintiff's rights thereto, by virtue of his said levy, ceased and ended, and said judgment and execution, and the fees and expenses of levying the same, were unsatisfied, and said judgment still remained in full force and not reversed or annulled; and the said Clarissa did not leave any goods or estate to be administered upon, whereby the plaintiff was able to procure satisfaction of his said judgment, or of any part thereof, and has received no satisfaction for any part thereof and of the fees and expenses of levying the same, as aforesaid, excepting the use and income of said estate from January 8th to February 14th aforesaid, amounting to $4.50, and the balance thereof, namely, $175, is still due and unpaid; and the plaintiff says that by reason of the said Joseph and Wareham delaying said suit and the judgment and execution thereon, and therefor, as aforesaid, he was prevented from obtaining judgment, levying his execution therefor on said life estate and the use and income thereof, and from having, receiving, and realizing the use and income thereof toward satisfying such execution for a long time, namely, from April 6, 1859, to November 3,

1860, the use and income of which, during that time, was of large value, namely, of the value of $150, and the plaintiff was thereby indemnified to that account; wherefore the plaintiff afterward, namely, on the first day of August last past, requested the defendants to pay him said sum, and they refused so to do; and this he is ready to verify; wherefore he prays judgment of his debt aforesaid, together with his damages and costs, by reason of the detention of said debt, to be adjudged to him."

To this replication the defendants demurred generally.

*Wheeler & Faulkner,* for the defendants.

*Lane,* for the plaintiff.

BARTLETT, J. The plaintiff claims to recover on the bond upon the ground that he has failed to obtain satisfaction of his judgment against Clarissa Brockway, by reason of the delay in his suit against her, occasioned by the defense made by Esty and Platts. The replication fails to show any such damage; on the contrary it sets out a legal satisfaction of that judgment. *Green* v. *Bailey,* 3 N. H. 33; *Burnham* v. *Coffin,* 8 N. H. 120; 2 Cru. 57; *Pratt* v. *Jones,* 22 Vt. 346. It avers that on the sixteenth day of November, 1860, the income of the debtor's real estate and her interest in the real estate were set off to the plaintiff, at the yearly value of $45, "to continue from" that day "until the first day of January, 1867, should the said Clarissa so long live," in full satisfaction of the execution, &c. This levy is not shown to be void for error in the proceedings, nor has it failed for want of title in the debtor, since she had a life estate in all the lands, which included the interest set off to the plaintiff. Had the whole life estate been set off, the death of the *cestui qui vie* on the fourteenth of February, 1861, would *not* have avoided the satisfaction of the execution by the levy; for the creditor would have taken the risk of the longer or shorter continuance of the term: and where, as here, the appraisers think the whole term of greater value than the amount of the execution, we think the same rule applies, for we have no statute like that in Massachusetts, providing further remedies upon the judgment in case of the expiration of the life estate before the end of the term fixed by the appraisers. Mass. Rev. Stat., ch. 103, sec. 12. By the levy the whole term for which the land was set off passed to the creditor, and his execution was at once satisfied to the extent of its entire value; otherwise the execution must be held satisfied only as the income was received or the land held, and the unsatisfied portions ought to bear interest; but we have no practice or statute justifying a levy for future interest on the judgment debt, or any recovery of interest after such an estate in land has been set off for a term of a value equal to the judgment debt. The proviso, "if the debtor should so long live," relates only to the time for which the creditor may hold, and is not a condition of the satisfaction of the execution. The limitation of time is made to fix a period beyond which the creditor is not to hold, where the appraisers deem the

debtor's whole term of greater value than the amount of the debt. *McConihe* v. *Sawyer*, 12 N. H. 408. The plaintiff has therefore received all that was given him by the set-off. Although the death of Clarissa Brockway in fact diminished the value of the property levied on, it had no legal effect upon the satisfaction of the execution. *Blumfield's Case*, 5 Rep. 87, a; Com. Dig., Execution, H. As the replication fails to show any breach of the condition of the bond, there must be

*Judgment for the defendants on the demurrer.*